IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TRAVON D. HIGGINS**  **PLAINTIFF**
ADC #178966

v.　　　　　　　　　　　No. 4:24-cv-00340-LPR-BBM

**ASHLEY N. KING,** *et al.*　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

The Court has received a Partial Recommended Disposition (PRD) from United States Magistrate Judge Benecia B. Moore (Doc. 56) and the Plaintiff's Objections (Doc. 57). After conducting a *de novo* review of the PRD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the PRD as its findings and conclusions in all respects.[1]

Accordingly, IT IS THEREFORE ORDERED that:

1.　　Plaintiff may proceed with the following individual-capacity claims: (1) the failure-to-protect claim against Mannis; (2) the failure-to-decontaminate claims against Wheatley and

---

[1] The Court will briefly address some of Plaintiff's objections. First, the Court understands that Plaintiff takes issue with the PRD's statement on page 3 that Plaintiff "was hit on the left side of his face and shoulder." *See* Pl.'s Objections (Doc. 57) at 2. Plaintiff may rest assured, however, that if and when the Court considers any future adversarial motions on the pleadings, Plaintiff's allegations as they are stated in his Amended Complaint—*not* as they are re-stated or summarized in a PRD or Order from this Court—will control. Second, the Court acknowledges and appreciates Plaintiff's clarification that he sought decontamination and medical attention from Defendant Wheatley. *See* Pl.'s Objections (Doc. 57) at 3; PRD (Doc. 56) at 3. Third, upon the filing of Plaintiff's Amended Complaint (Doc. 42), the only four Defendants actively named in this case were Corporal Mannis, Corporal Wheatley, Lieutenant Haynie, and Captain Mixon. The "dismissal" of all other Defendants is merely a technicality intended to clean up the Court's docket sheet. Fourth, and finally, the Court agrees with the PRD that Plaintiff has not sufficiently stated a medical-deliberate-indifference claim against Captain Mixon at this time. If, however, this case proceeds to discovery and the evidence demonstrates that Captain Mixon was the party responsible for the delay in Plaintiff's medical care, then the Court may entertain a request from Plaintiff to revive the now-dismissed claim.

On a separate front, the Court wishes to emphasize that, as to the claims allowed to go forward, the Court's screening decisions—concerning whether viable claims have been stated—are highly tentative and could easily change based on a strong adversarial motion to dismiss. No one should read the adoption of this PRD as an agreement with every legal position in the PRD. Instead, the Court is agreeing (out of an abundance of caution) to move the claims past screening. There is enough to let the litigation process play out here (including a potential motion to dismiss).

Haynie; (3) the medical-deliberate-indifference claim against Haynie; and (4) the retaliation claim against Haynie.

2. Plaintiff's medical-deliberate-indifference claim against Mixon, and Plaintiff's official-capacity claims against all Defendants, are DISMISSED without prejudice for failure to state a claim for relief.

3. Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 49) is DENIED.

4. The Clerk is directed to TERMINATE the following Defendants as parties to this action: Ashley N. King, Quintin D. Mixon, Gary Musselwhite, William F. Straughn, Aundrea Culclager, Linda Sanner, Reed Marshall, Isac Wade, Felecia Motten, Christy Whitaker, Jimmy Coleman, Fredrick Adams, Aleeshia Quinones, Latoya Johnson, Gloria Bell, Q. Bealer, Marshall Dale Reed, Kayla Hargraves, West, Tracy Bennet, Crystal River, and Jason Palmer.

IT IS SO ORDERED this 16th day of January 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE